# United States District Court
## Eastern District of California

UNITED STATES OF AMERICA
v.
**JOHN M. BODENHEIMER**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)
Criminal Number: **2:06CR00202-01**

Lexi Negin, AFD
Defendant's Attorney

**THE DEFENDANT:**
[ ] admitted guilt to violation of charge(s) __ as alleged in the violation petition filed on __.
[ ] was found in violation of condition(s) of supervision as to charge(s) __ after denial of guilt, as alleged in the violation petition filed on __.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| | | |

The court: [ ] revokes: [✔] modifies: [✔] continues under same conditions of supervision heretofore ordered on 08/19/2003.

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔] Charge 1 in Petition filed 08/15/2207 is dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

November 15, 2007
Date of Imposition of Sentence

*/s/ Morrison C. England, Jr.*
Signature of Judicial Officer

**MORRISON C. ENGLAND, JR.**, United States District Judge
Name & Title of Judicial Officer

12/4/2007
Date

## SUPERVISED RELEASE

The defendant is placed on supervised release for a term of * .

* Supervised Release here to for ordered on 8/19/2003 is continued with the newly added conditions of 14, 15, 16, and 17.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[ ]  The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement,

2. The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.

3. The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer.

4. The defendant must register as a sex offender of the Sheriff's Officer or designated agency, in the county of residence, within the time frame required by state statute.

5. The defendant will grant a limited waiver of his right of confidentiality and any records of mental health treatment imposed as consequence of this judgment and allow the treatment provider to provide information to the probation officer, and sign all necessary releases to enable the probation officer to monitor the defendant's progress. The probation officer will disclose the presentence report and/or and previous sex offender or mental health evaluations to the treatment providers.

6. The defendant must participate in sex offender treatment and submit to risk assessment testing, clinical polygraph testing, and other specific sex offender tests, as directed by the probation officer.

7. The defendant must not possess any materials including images, books, writing, drawings, videos, or video games depicting and/or describing sexually explicit conduct or child pornography as defined in 18 U.S.C. 2256(2) and 2258(8).

8. The defendant must submit to search of person, property, vehicles, business, computers and residence to be conduted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit materials at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.

9. The defendant must not posses or use a computer with access to any "on-line computer service" at any location without the prior written approval of the probation office. The defendant must allow the probation officer to install appropriate software to monitor the use of the Internet.

10. The defendant must not have direct or unsupervised contact with children under the age of 18 without prior written permission of the probation officer. He must immediately report unauthorized contact with children to the probation officer.

11. The defendant is restricted from engaging in an occupation where he has direct, unsupervised access to children, without prior approval of the probation officer.

12. The defendant must not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18.

13. The defendant must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities.

14. The defendant shall comply with the conditions of home curfew for a period of 60 consecutive days to commence when directed by the probation officer. During this time, the defendant will remain at his place of residence between 6:00 p.m. and 6:00 a.m. unless the defendant's absence from home during curfew is approved in advance by the probation officer. The defendant will maintain telephone service at his place of residence without an answering service at his place of residence, without an answering device, call waiting, a modem, caller ID, call forwarding, or a cordless telephone for the above period.

    At the discretion of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures as specified by her probation officer. The defendant shall pay the cost of electronic monitoring as determined by the probation officer.

15. Continue treatment program with Dr. Sunby (group), and Dr. Hackenson.

16. Attend Job Seekers every Thursday 9-11 a.m., located at 9th and Broadway in Sacramento at the Cal Works building (until you obtain employment).

17. Journal all daily activities, submit the journal upon request of the probation officer, and turn in each month with monthly report.